PS 8
(Rev. 5/2020)

# UNITED STATES DISTRICT COURT
## for the
# EASTERN DISTRICT OF ARKANSAS

U.S.A. vs. Keshawn Boykins                               Docket No. 0860 4:19CR00212-01

**Petition for Summons for Person Under Pretrial Supervision**

COMES NOW Michael Umphenour, U.S. PROBATION OFFICER, presenting an official report upon the conduct of defendant Keshawn Boykins, who was placed under pretrial release supervision by the Honorable J. Thomas Ray sitting in the Court at Little Rock, Arkansas, on May 15, 2019, under the following conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

(5)   The defendant must sign an Appearance Bond, if ordered.

(7)   The defendant must:
(a) submit to supervision and report for supervision to the U.S. Probation Office.
(b) continue or actively seek employment.
(k) not possess a firearm, destructive device, or other weapon.
(l) not use alcohol excessively.
(m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(n) submit to testing for a prohibited substance if required by the pretrial services office or the supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of any prohibited substance screening or testing.
(o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(p) participate in one of the following location restriction programs and comply with its requirements as directed.
    ☒   (i) **Curfew.** You are restricted to your residence every day from 8 a.m. to 8:30 p.m.
(q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

(r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including any arrests, questioning, or traffic stops. (s) maintain regular contact with his/her attorney, not less than every 2 weeks; Report to U.S. Probation and Pretrial Services Office at least 30 min. prior to any Court proceeding which Defendant is required to attend; and report on a regular basis to the Supervising Officer.

On December 18, 2019, the defendant's motion to modify his conditions of release by removing location monitoring was denied.

Jury trial is set for March 15, 2021, before the Honorable James M. Moody Jr., U.S. District Judge.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**Description of apparent violations:** On May 15, 2019, the defendant was placed on curfew with electronic monitoring.

The defendant failed to attend individual substance abuse counseling at Recovery Centers of Arkansas, on October 7, 2020.

On October 12, 2020, the defendant went out of range at 1:18 a.m. without permission of the probation officer and returned in range at 1:33a.m., then went out of range at 2:23 a.m. and returned in range at 2:29 a.m., then went out of range at 3:41 a.m. and returned in range at 3:49 a.m.

On October 13, 2020, the defendant went out of range at 2:50 a.m. without permission of the probation officer and returned in range at 3:08 a.m.

On October 14, 2020, the defendant went out of range at 5:17 a.m. without permission of the probation officer and returned in range at 5:22 a.m.

On October 15, 2020, the defendant went out of range at 1:21 a.m. without permission of the probation officer and returned in range at 1:45 a.m.

On October 16, 2020, the defendant went out of range at 3:23 a.m. without permission of the probation officer and returned in range at 3:42 a.m.

October 20, 2020, the defendant went out of range at 1:30 a.m. without permission of the probation officer and returned in range at 1:37 a.m., then went out of range at 6:44 a.m. and returned in range at 6:51 a.m.

The defendant failed to attend individual substance abuse counseling at Recovery Centers of Arkansas, on October 21, 2020.

On October 22, 2020, the defendant advised that he was aware his dog chewed the location monitoring power cords and failed to notify his supervising officer. The defendant was

directed to report to the probation office this date to replace cords and stated he was unable due to his current location in Maumelle. The defendant sent a female to pick-up the new cords.

On October 23, 2020, the defendant violated his condition of release when he returned to his residence late, at 9:07 p.m., without prior approval of his supervising officer. The defendant was scheduled to return at 8:30 p.m. The defendant stated he had a flat tire and was running late.

On October 24, 2020, the defendant violated his condition of supervision when he returned to his residence late, at 9:01 p.m., without prior approval of his supervising officer. The defendant was scheduled to return at 8:30 p.m. The defendant admitted returning late and stated he was delayed due to traffic.

On October 25, 2020, the defendant went out of range at 5:01 a.m. without permission of the probation officer and returned in range at 5:15 a.m.

On October 29, 2020, the defendant went out of range at 2:48 a.m. without permission of the probation officer and returned in range at 2:56.

On November 8, 2020, the defendant went out of range at 12:48 a.m. without permission of the probation officer and returned in range at 1:34 a.m. The defendant stated he left his residence without permission to get diapers for his child.

As of November 9, 2020, the defendant failed to provide any validation of actively seeking employment, which includes not providing verification of actively seeking or securing employment and not providing information for proposed professional fight opportunities.

**Description of prior violations:** The following violations were previously reported to the court: On November 18, 2019, the defendant submitted a urine specimen which tested and confirmed positive for marijuana.

On March 14, 2020, the defendant went out of range at 2:12 a.m. without the permission of the probation officer and returned in range at 2:36 a.m.

On March 15, 2020, the defendant went out of range at 6:18 a.m. without the permission of the probation officer and returned in range at 6:26 a.m.

On March 16, 2020, the defendant was cited for No Driver's License or License Expired and Driving a Vehicle/Trailer with No Registration or Tags Expires as evidence by Little Rock District Court – Second Department case number LRTR-20-2664. The case is pending a hearing. The defendant failed to report this law enforcement contact until brought up by probation on April 28, 2020.

On March 20, 2020, the defendant went out of range at 10:02 p.m. without permission of the probation officer and returned in range at 10:43 p.m.

On March 20, 2020, the defendant went out of range at 10:43 p.m. without permission of the probation officer and returned in range at 11:30 p.m.

On March 25, 2020, the defendant went out of range at 5:52 a.m. without permission of the probation officer and returned in range at 6:02 a.m.

On March 26, 2020, the defendant went out of range at 6:40 a.m. without permission of the probation officer and returned in range at 6:57 a.m.

On March 30, 2020, the defendant went out of range at 3:45 a.m. without permission of the probation officer and returned in range at 4:19 a.m.

On March 30, 2020, the defendant went out of range at 4:38 a.m. without permission of the probation officer and returned in range at 4:57 a.m.

On April 6, 2020, the defendant went out of range at 11:53 p.m. without permission of the probation officer and returned in range on April 7, 2020 at 12:15 a.m.

On May 9, 2020, the defendant went out of range at 6:07 a.m. without the permission of the probation officer and returned in range at 6:15 a.m., then went out of range at 6:21 a.m. and returned in range at 6:30 a.m.

On May 14, 2020, the defendant went out of range at 6:07 a.m. without the permission of the probation officer and returned in range at 6:31 a.m.

On June 5, 2020, the defendant went out of range at 2:50 a.m. without the permission of the probation officer and returned in range at 3:00 a.m., then went out of range at 4:11 a.m. and returned in range at 4:21 a.m.

On June 9, 2020, the defendant went out of range at 2:19 a.m. without the permission of the probation officer and returned in range at 2:34 a.m.

On June 17, 2020, the defendant went out of range at 9:00 a.m. without the permission of the probation officer and returned in range at 9:24 a.m.

The defendant violated his conditions of release by failing to submit a urine specimen on June 17, 2020.

On June 23, 2020, the defendant went out of range at 2:53 a.m. without the permission of the probation officer and returned in range at 3:01 a.m.

On June 29, 2020, the defendant violated his condition of pretrial supervision when he returned to his residence late, at 9:11 p.m., without prior approval of his supervising officer. The defendant was scheduled to return at 8:30 p.m. The defendant's mother initially stated he was in his room and once contacted the defendant admitted to returning to his residence late.

On July 6, 2020, the defendant went out of range at 3:44 a.m. without the permission of the probation officer and returned in range at 3:54 a.m.

On July 8, 2020, the defendant went out of range at 5:47 a.m. without the permission of the probation officer and returned in range at 5:55 a.m.

On July 17, 2020, the defendant submitted a urine specimen which tested and confirmed positive for the use of marijuana.

On July 19, 2020, the defendant went out of range at 3:46 a.m. without the permission of the probation officer and returned in range at 3:58 a.m.

On July 20, 2020, the defendant went out of range at 7:09 a.m. without the permission of the probation officer and returned in range at 7:18 a.m.

On July 22, 2020, the defendant went out of range at 4:45 a.m. without the permission of the probation officer and returned in range at 4:53 a.m, then went out of range at 5:00 a.m. and returned in range at 5:17 a.m.

On July 23, 2020, the defendant went out of range at 4:29 a.m. without the permission of the probation officer and returned in range at 4:48 a.m.

On July 24, 2020, the defendant went out of range at 6:58 a.m. without the permission of the probation officer and returned in range at 7:08 a.m.

On July 28, 2020, the defendant submitted a urine specimen which tested and confirmed positive for the use of marijuana.

On August 9, 2020, the defendant went out of range at 1:03 a.m. without the permission of the probation officer and returned in range at 1:37 a.m.

On August 13 and 19, 2020, the defendant submitted urine specimens which tested and confirmed positive for the use of marijuana.

On August 26, 2020, the defendant went out of range at 7:14 a.m. without the permission of the probation officer and returned in range at 7:22 a.m.

On August 27, 2020, the defendant went out of range at 4:08 a.m. without the permission of the probation officer and returned in range at 4:15 a.m.

On August 28, 2020, the defendant went out of range at 2:04 a.m. without the permission of the officer and returned in range at 2:14 a.m.

On August 29, 2020, the defendant went out of range at 2:51 a.m. without the permission of the officer and returned in range at 3:15 a.m.

On August 30, 2020, the defendant went out of range at 3:28 a.m. without the permission of the officer and returned in range at 3:34 a.m., then went out of range at 5:20 a.m. and returned in range at 5:26 a.m.

On September 2, 2020, the defendant violated his condition of supervision when he returned to his residence late, at 9:00 p.m., without prior approval of his supervising officer. The defendant was scheduled to return at 8:30 p.m. The defendant admitted to returning late.

On September 3, 2020, the defendant went out of range at 2:28 a.m. without the permission of the officer and returned in range at 2:42 a.m., then went out of range at 6:25 a.m. and returned in range at 6:37 a.m. Later in the evening the defendant went out of range at 11:49 p.m. without the permission of the officer and returned in range at 11:56 p.m.

On September 4, 2020, the defendant went out of range at 2:15 a.m. without the permission of the officer and returned in range at 2:26 a.m., then went out of range at 3:15 a.m. and returned in range at 3:27 a.m., then went out of range at 6:55 a.m. and returned in range at 7:06 a.m.

On September 5, 2020, the defendant went out of range at 12:17 a.m. without the permission of the officer and returned in range at 12:24 a.m., then went out of range at 2:24 a.m. and returned in range at 2:38 a.m.

On September 7, 2020, the defendant went out of range at 3:51 a.m. without the permission of the officer and returned in range at 4:05 a.m.

On September 8, 2020, the defendant went out of range at 2:16 a.m. without the permission of the officer and returned in range at 2:25 a.m, then went out of range at 7:02 a.m. and returned in range at 7:13 a.m.

On September 8, 2020, the defendant submitted a urine specimen which tested and confirmed positive for the use of marijuana.

On September 10, 2020, the defendant went out of range at 1:33 a.m. without the permission of the officer and returned in range at 1:43 a.m.

On September 13, 2020, the defendant went out of range at 7:00 a.m. without the permission of the officer and returned in range at 7:13 a.m.

On September 14, 2020, the defendant went out of range at 2:25 a.m. without the permission of the officer and returned in range at 2:31 a.m., then went out of range at 4:05 a.m. and returned at 4:13 a.m., then went out of range at 4:43 a.m. and returned in range at 5:01 a.m.

On September 15, 2020, the defendant went out of range at 4:54 a.m. without the permission of the officer and returned in range at 5:19 a.m., then went out of range at 5:40 a.m. and returned in range at 6:00 a.m.

On September 18, 2020, the defendant went out of range at 3:30 a.m. without the permission of the officer and returned in range at 3:38 a.m.

On October 5, 2020, the defendant violated his condition of supervision when he returned to his residence late, at 9:51 p.m. The defendant is court ordered to return by 8:30 p.m. The defendant called prior to arriving late and stated he was delayed due to vehicle issues.

On October 7, 2020, the defendant violated his condition of supervision when he returned to his residence late, at 9:05 p.m., without prior approval of his supervising officer. The defendant was scheduled to return at 8:30 p.m. Contact with defendant was unable to be made until October 8, 2020, when he stated that his phone was broken and he was late due to a need to pick up his daughter.

On October 8, 2020, the defendant updated that due to the national health pandemic, he is not actively fight training. The defendant advised he is working part-time for a friend's lawn service but stated he would be unable to validate his employment, as his friend pays him in cash. The defendant advised that he has denied from every verifiable employment.

**Actions taken to bring the defendant into compliance were as follows:** The defendant was counseled and reinstructed on his conditions of release. The defendant's location monitoring equipment was replaced on August 25 and October 8, 2020, to validate statements that he had not left range. The defendant denied all short duration leaves and enters. The defendant is currently in substance abuse counseling at Recovery Centers of Arkansas.

**Defendant's compliance with release conditions:** A record check revealed no new arrests.

**OFFICER'S RECOMMENDATION:**

It is respectfully requested that a summons be issued, and the defendant appear for a show-cause hearing to determine if bond should be revoked.

| | |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | The U.S. Attorney's Office submits this petition to be filed with Criminal Docketing as a motion. |
| *[signature]* | *[signature]* |
| Michael Umphenour<br>U.S. Probation Officer | for Kristin Bryant<br>Assistant U.S. Attorney |
| Executed on   November 9, 2020 | Executed on   11-10-20 |

Approved by:

*[signature]*

Supervising U.S. Probation Officer

c:  The Honorable James M. Moody Jr., U.S. District Judge
    The Honorable J. Thomas Ray, U.S. Magistrate Judge