IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:19CR000212-JM |
| | ) | |
| KESHAWN BOYKINS | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DETENTION ORDER

The United States, by and through Jonathan D. Ross, United States Attorney, and Kristin H. Bryant, Assistant United States Attorney, for its response in opposition states:

On May 8, 2019, the defendant was indicted on one count of knowingly and intentionally possessing with intent to distribute marijuana and one count of possessing a firearm in furtherance of a drug trafficking offense. (Doc. No. 3). On May 15, 2021, the defendant was released on conditions, including curfew and electronic monitoring. (Doc. No. 8). On January 9, 2020, the Indictment was superseded to add an additional count of production of child pornography. (Doc. No. 17). On November 10, 2020, the United States filed a Motion for Summons to revoke bond. (Doc. No. 28).

On December 29, 2020, the United States filed a Motion for Warrant to revoke bond. (Doc. No. 31). The motion alleged that the defendant was out of range of the electronic monitoring device or late in arriving home more than 20 times. The motion also alleged that the defendant had failed to attend individual substance abuse counseling sessions and failed to provide any validation of actively seeking employment. The motion further alleged the defendant had tested positive for marijuana. (Doc. No. 31). A revocation hearing was held on January 7, 2021, and the defendant admitted to some of the allegations. (Doc. No. 37). The Court denied the motion to revoke and modified the defendant's conditions.

Case 4:19-cr-00212-JM   Document 56   Filed 07/08/21   Page 2 of 5

The Court entered an order stating:

Probation has changed Defendant's location monitoring equipment several times to address the issue of Defendant being out of range. Whether for mere minutes or up to seven hours as alleged in the petition, being out of range of location monitoring is a violation of Defendant's conditions of release., and yet Defendant continued to be out of range on numerous occasions after modification. Several of these times, Defendant appeared out of range multiple times in one day, and even found himself at the casino in Hot Springs on Christmas Eve. Defendant also admitted to acquiring an Arkansas medical marijuana card after being placed on conditions of release that specifically outlined he was not to use or unlawfully possess a narcotic drug or other controlled substance. Marijuana remains a controlled substance under federal law.

Rather than revoke at this time, the Court orders Defendant into thirty (30) days inpatient treatment followed by chemical-free living. Defendant is ordered to surrender his Arkansas medical marijuana card, and his conditions of release are hereby modified to include the Adam Walsh Child Protection and Safety Act provisions, including no unsupervised contact with minors and no internet use. Further, Defendant is ordered detained until space in a treatment facility becomes available. Defendant is required to have location monitoring while in treatment; thus, should those arrangements be unavailable, the parties are to contact the Court.

(Doc. No. 39).

On February 22, 2021, the United States filed a Petition for Summons for Person Under Pretrial Supervision. (Doc. No. 42). The petition contained two apparent violations:

(1) On February 8, 2021, the defendant violated his modified conditions of release when he was found to have broken the rules of the Recovery Centers of Arkansas (RCA) residential treatment facility. As reported by RCA, the defendant was found in possession of a cell phone and admitted to using the phone since admission. The defendant was allowed to remain at RCA on a zero-tolerance behavioral contract; and

(2) On February 15, 2021, the defendant violated his modified conditions of release when he left RCA's residential treatment facility without the authorization of the probation office. Mr. Boykins was directed to remain at residential treatment until he could be discharged to RCA's chemical-free living program.

A hearing was held on the United States' motion on March 4, 2021. (Doc. No. 49). The Court revoked the defendant's release and entered an Order (Doc. No 51) stating:

> The petition alleges that Defendant broke the rules at RCA by possessing a cell phone and left RCA residential treatment without his probation officer's permission. Defendant admitted to the cell phone allegation but did not admit to leaving without permission.
>
> The Government called Michael Umphenour, Defendant's Probation Officer. He testified that Defendant completed the thirty days of in-patient treatment, at which point he was supposed to move to the Williamsburg chemical-free living facility. However, he stated that an on-duty Probation Officer and the program director at RCA advised Defendant to remain at RCA since the Williamsburg facility was not admitting people during the snowstorm.
>
> Defendant left the facility on February 15, 2021 to see if Williamsburg would admit him anyway. Williamsburg did not admit him, and instead of returning to RCA, Defendant went home.
>
> After testimony and argument, the Court finds by clear and convincing evidence that Defendant violated the conditions of his release by possessing a phone at RCA and leaving the RCA facility after a Probation Officer told him not to. Further, the Court finds Defendant is unlikely to abide by any condition or combination of conditions of release that the Court can fashion. Therefore, the court grants the Government's Motion to Revoke (*Doc.* 42) and Defendant is detained in the custody of the United States Marshal.

The defendant now requests a new revocation hearing stating that "his previous counsel failed to call witnesses at the revocation matter which could have supported a release plan and would have influenced the court and thus claims he was denied full consideration." (Doc. No. 54).

Under 18 U.S.C. § 3148(a), "a person who has been released under Section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court. A judicial officer "shall enter an order of revocation and detention, if, after a hearing, the judicial officers –

(1) Finds that there is –

   (A) Probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

   (B) Clear and convincing evidence that the person has violated any other conditions of release; and

(2) Finds that—

   (A) Based on the factors set forth in section 3142(g) of this title, there is no conditions or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

   (B) The person is unlikely to abide by and condition or combination of conditions.

18 U.S.C. § 3148(b).

Judge Kearney found under § 3148(b)(1)(B) that the defendant violated his conditions of release. Judge Kearney further reasoned that based on the factors set forth in § 3142(g), there were no conditions or combination of conditions that would assure the defendant would follow conditions imposed and not pose a danger to the community.

The defendant does not allege that the Court erred in finding that he violated his conditions of release, only that he wanted to propose a different release plan to the Court. In fact, the defendant admitted some of the violations in open court. Because a proposed release plan has no bearing on whether the defendant violated his conditions of release, his motion should be denied.

(END OF TEXT. SIGNATURE PAGE ATTACHED).

Respectfully submitted,

JONATHAN D. ROSS
ACTING UNITED STATES ATTORNEY


By: KRISTIN BRYANT
Assistant U.S. Attorney
Bar Number 2009156
Attorney for the United States
U.S. Attorney's Office
P.O. Box 1229
Little Rock, AR 72203
501-340-2600
kristin.bryant@usdoj.gov

5