# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**V.**  CASE NO.: 4:19-cr-00212-JM

**KESHAWN BOYKINS**

## MOTION TO CONTINUE TRIAL DATE

Comes now the Defendant, KESHAWN BOYKINS, by his attorney, Mark Alan Jesse, and for his motion states:

1. This matter is presently set for trial on November 15, 2021.

2. A plea offer has been made and rejected. Defendant is ready to proceed to trial on the current indictment now pending.

3. The United States has informed the Defendant that they intend to seek additional charges by way of a superseding indictment.

4. Counsel will need additional time once a superseding indictment has been filed to review the matter with the Defendant, obtain and discuss any new or additional discovery related to the new charges, and to integrate the status of the new charges into his pre-existing trial preparation. Counsel will need additional time once discovery has been received to review the file materials, consult with the Defendant, and to discuss the case, including any

possible resolutions with the United States, and to prepare for trial and investigate all legal, procedural and factual defenses.

5. Counsel therefore moves to continue the current trial date for a period of not less than 90 days.

6. The United States does not object to the request for continuance.

7. As the continuance anticipated, should the motion be granted, is at the request and for the benefit of the Defendant, any time between November 15, 2021 and the new trial date should be excluded for the purposes of the Speedy Trial Act (18 U.S.C. §§ 3161-3174).  A defendant may not expressly waive his rights under the Speedy Trial Act. *See, e.g.*, *United States v. Saltzman*, 984 F.2d 1087, 1090-1092 (10th Cir. 1993). However, if the trial judge determines that the "ends of justice" served by a continuance outweigh the interest of the public and the defendant in a speedy trial, the delay occasioned by such continuance is excluded from the Act's time limits. 18 U.S.C. § 3161(h)(8)(A).

8. The ends of justice will be served by the granting of the continuance because the additional time requested:

    a. Will allow counsel to adequately prepare and be effective counsel. Failure to grant the motion would "would deny counsel for the

      defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence"; and,

   b. Will allow exploration of plea bargains that may result in a plea which would be beneficial to the Defendant, the United States and the Court as any such plea would remove the necessity of trial and the expense, time, and preparation involved in a trial.

9. 18 USC § 3161(h)(1)(7)(a) provides for the exclusion of:

      Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

10. The court should enter an order of continuance and exclude the time upon a specific finding that the ends of justice served by the granting of the request outweigh the best interest of the public and the Defendant's right in a speedy trial in accordance with 18 USC § 3161(h)(1)(7)(a).

**WHEREFORE**, Defendant moves for a continuance of the current trial setting.

Respectfully submitted,

Mark Alan Jesse
Ar. Sup. Ct. No.: 92107
Attorney for Defendant
The Jesse Law Firm, P.L.C.
425 West Broadway, Ste. E.
North Little Rock, AR 72114
(501) 375-4422
E-Mail: Jesselawfirm@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on 10/22/2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

**Kristin Huntington Bryant**
U. S. Attorney's Office
Eastern District of Arkansas
Post Office Box 1229
Little Rock, AR 72203-1229
501-340-2600
kristin.bryant@usdoj.gov
 Assigned: 05/08/2019
 LEAD ATTORNEY
 ATTORNEY TO BE NOTICED

representing **USA**
*(Plaintiff)*

I hereby certify that on 10/22/2021 , I mailed the document and a copy of the Notice of Electronic Filing (NEF) by United States Postal Service to the

following non CM/ECF participants:

n/a

                                        Mark Alan Jesse
                                        Ar. Sup. Ct. No.: 92107
                                        Attorney for Defendant
                                        The Jesse Law Firm, P.L.C.
                                        425 West Broadway, Ste. E.
                                        North Little Rock, AR 72114
                                        (501) 375-4422
                                        E-Mail: Jesselawfirm@aol.com