IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA        )
                                )
v.                              )        No.  4:19CR00212 JM
                                )
KESHAWN BOYKINS                 )


<u>JURY INSTRUCTIONS</u>

## JURY INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

JURY INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

JURY INSTRUCTION NO. 3

I have mentioned the word evidence. The evidence in this case consists of the testimony of witnesses, the documents and other things received as exhibits,

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

JURY INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## JURY INSTRUCTION NO. 5

You have heard testimony from Jennifer Terry described as an expert. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

JURY INSTRUCTION NO. 6

The Third Superseding Indictment in this case charges the defendant with four different crimes. Count 1 charges that the defendant committed the crime of sex trafficking of a minor or sex trafficking by force, fraud, or coercion. Count 2 charges that the defendant committed the crime of distribution of child pornography. Count 3 charges that the defendant committed the crime of sex trafficking by force, fraud or coercion. Count 4 charges that the defendant committed the crime of production of child pornography. The defendant has pleaded not guilty to each of those charges.

The indictment is simply the document that formally charges the defendant with the crime for which he is on trial. The indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of the crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately and return a separate verdict for each count.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial. The fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

JURY INSTRUCTION NO. 7

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## JURY INSTRUCTION NO. 8

The crime of sex trafficking of a minor or sex trafficking by force, fraud, or coercion, as charged in Count One of the Third Superseding Indictment, has three elements:

*One*, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited by any means T.M.; and

*Two*, the defendant knew or, except where the act involved advertising, recklessly disregarded the fact that

    (a) force, threats of force, fraud, coercion or any combination of these means would be used to cause T.M. to engage in a commercial sex act; or

    (b) T.M. was under 18 years of age and would be caused to engage in a commercial sex act; and

*Three*, the offense was in and affected interstate or foreign commerce.

The Government does not have to prove that a commercial sex act actually occurred.

The Government is not required to prove that the defendant knew or recklessly disregarded the fact that T.M. was under 18 years of age if the defendant had a reasonable opportunity to observe T.M.

If all of these three elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count One. Otherwise you must find the defendant not guilty of this crime under Count One.

JURY INSTRUCTION NO. 9

The crime of sex trafficking by force, fraud, or coercion, as charged in Count Three of the Third Superseding Indictment, has three elements:

*One*, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited by any means H.E..; and

*Two*, the defendant knew or, except where the act involved advertising, recklessly disregarded the fact that force, threats of force, fraud, coercion or any combination of these means would be used to cause H.E. to engage in a commercial sex act; and

*Three*, the offense was in and affected interstate or foreign commerce.

The Government does not have to prove that a commercial sex act actually occurred.

If all of these three elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count Three. Otherwise you must find the defendant not guilty of this crime under Count Three.

## JURY INSTRUCTION NO. 10

A person "recklessly disregards" a fact within the meaning of the offenses charged in

Counts One and Three when he is aware of, but consciously, deliberately or carelessly ignores

facts and circumstances.

JURY INSTRUCTION NO. 11

The term "coercion" means threats of serious harm to or physical restraint against any person, or any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person.

JURY INSTRUCTION NO. 12

The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstance to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

JURY INSTRUCTION NO. 13

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

JURY INSTRUCTION NO. 14

As used in these instructions, the phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.

The phrase "foreign commerce" means commerce between any state, territory or possession of the United States and a foreign country.

The term "commerce" includes, among other things, travel, trade, transportation and communication.

In determining whether the defendant's conduct was "in or affecting interstate commerce," you may consider whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether the defendant's conduct substantially affected interstate commerce by virtue of the fact that the defendant purchased items that had moved in interstate commerce.

JURY INSTRUCTION NO. 15

The crime of distribution of child pornography, as charged in Count 2 of the Third Superseding Indictment, has three elements, which are:

> *One*, on or about September 25, 2018, the defendant knowingly distributed a digital image containing a visual depiction of child pornography;
>
> *Two*, the defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct; and
>
> *Three*, the visual depiction had been transported in interstate or foreign commerce.

The term "minor" means any person under the age of eighteen years.

The phrase "child pornography" means any visual depiction of a minor engaging in sexually explicit conduct, where the minor was engaged in the sexually explicit conduct during production of the depiction. The term "visual depiction" includes any photograph, film, video, picture or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.

The term "sexually explicit conduct" includes lascivious exhibition of the genitals or pubic area of any person.

Whether a visual depiction of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material. You may consider such factors as (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the

viewer; (7) whether the picture portrays the minor as a sexual object; and (8) the caption(s) on the picture(s).

It is for you to decide the weight or lack of weight to be given to any of these factors. A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 2; otherwise, you must find the defendant not guilty of this crime.

JURY INSTRUCTION NO. 16

The crime of production of child pornography, as charged in Count 4 of the Third Superseding Indictment, has four elements, which are:

*One*, at the time alleged, T.M. was under the age of eighteen years;

*Two*, the defendant knowingly employed, used, persuaded, induced, enticed, or coerced T.M. to engage in sexually explicit conduct;

*Three*, the defendant acted with the purpose of producing a visual depiction of such conduct; and

*Four*, the defendant knew or had reason to know that such visual depiction:

a.  would be transported across state lines; or

b.  was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular telephone; or

c.  was actually transported or transmitted using any means or facility of interstate or foreign commerce.

The government is not required to prove that the defendant knew that T.M. was under the age of eighteen.

A person is "used" if they are photographed or videotaped.

An item is "produced" if it is produced, directed, manufactured, issued, published, advertised, created, made, or is in any other way brought into being by involvement of an individual participating in the recording of child pornography.

I have previously defined the term "sexually explicit conduct" for you in Jury Instruction No. 15.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 4; otherwise, you must find the defendant not guilty of this crime.

JURY INSTRUCTION NO. 17

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone— including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict forms are simply the written notice of the decision that you reach in this case. The forms read: (read form). You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and advise the courtroom security officer that you are ready to return to the courtroom.